Filed 10/10/14  P. v. Fuller CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TAMEKA MARIE FULLER,<br><br>Defendant and Appellant. | F066900<br><br>(Madera Super. Ct.<br>Nos. MCR041675, MCR042113 &<br>MCR043958)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Gillian Black, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Franson, J. and Peña, J.

## INTRODUCTION

Appellant/defendant Tameka Marie Fuller was placed on probation pursuant to a series of negotiated dispositions. She repeatedly violated probation by failing to comply with the probationary terms and committing new offenses. The court revoked probation and ordered execution of the previously imposed sentence of six years four months.

On appeal, her appellate counsel has filed a brief which summarizes the facts, with citation to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We will affirm.

## FACTS

### Case No. MCR041675

On the evening of August 13, 2011, defendant and a companion were in the Food-4-Less store in Madera. They both put items in their purses. Defendant's companion paid for some of the items, but they walked out without paying for the other merchandise. The store's loss prevention officer detained the women outside and escorted them back to the store. He gave them the opportunity to pay for the merchandise. Defendant's companion paid for the rest of her items. Defendant said she did not have any money. She had taken approximately $43 worth of merchandise. When an officer arrived at the store, he searched defendant and found the stolen items. He also found a glass methamphetamine pipe in her pocket.

### Case No. MCR042113

On September 9, 2011, defendant was released from the Madera County Department of Corrections on a one-day pass to attend a relative's funeral. She was ordered to turn herself back into the jail at 7:00 p.m. She failed to return and a bench warrant was issued for her arrest.

On the evening of October 8, 2011, officers conducted a traffic stop of a vehicle for driving without headlights. Defendant was a passenger in the car. One of the officers recognized her from prior contact. Defendant admitted she was still on parole. She was

searched, and the officer found a methamphetamine pipe in her pocket. They also found a baggie with 0.4 grams of methamphetamine in her purse. The officer testified that when he asked defendant about her failure to return from the day pass, defendant "seemed very nonchalant about it and thought it was not a big deal. She got a significant amount of money from her … deceased husband and that she was just out having fun and enjoying life and didn't think that she needed to go back."

## Pleas and Sentencing

On January 19, 2012, defendant pleaded guilty in case No. MCR042113 to felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and misdemeanor failure to appear (Pen. Code, § 4532, subd. (b)(1)). She admitted two prior prison term enhancements. (Pen. Code, § 667.5, subd. (b).)

Defendant also pleaded guilty in case No. MCR041675 to felony commercial burglary (Pen. Code, § 459), and admitted two prior prison term enhancements.

As to both cases, defendant was sentenced to an aggregate term of five years eight months in county jail. The court suspended execution of the sentences, and she was placed on formal probation for five years, subject to various terms and conditions.

## Case No. MCR043958

On July 19, 2012, defendant's probation was summarily revoked following the filing of a petition alleging that on or about June 29, 2012, she failed to appear for a schedule probation appointment; and on July 7, 2012, she was found in possession of narcotics in violation of Health and Safety Code section 11377, subdivision (a).

On July 20, 2012, defendant pleaded guilty in case No. MCR043958 to possession of methamphetamine (Health & Saf. Code,§ 11377, subd. (a)) and admitted a prior prison term enhancement. Based on the plea, she also admitted that she violated probation in case Nos. MCR041675 and MCR042113.

On August 17, 2012, defendant was sentenced to eight months in case No. MCR043958, consecutive to terms already imposed in the other cases, for an aggregate

term of six years four months in county jail. The court suspended the sentence and reinstated defendant on probation subject to all previously imposed terms and conditions.

**Probation Violations**

On September 13, 2012, defendant's probation was again summarily revoked based on the allegations that on September 1, 2012, she failed to comply with the felony drug court program and was terminated from the inpatient counseling program; she failed to report to her probation officer on September 4, 2012, after being terminated from the inpatient program; she was in possession of drugs on September 9, 2012; and she committed new criminal acts in violation of Health and Safety Code section 11377, subdivision (a) and Penal Code section 148.9.

On September 21, 2012, defendant admitted that she violated probation in case Nos. MCR041675, MCR042113, and MCR043958. The court ordered the probation department to transfer defendant to the Delancy Street treatment program.

On October 22, 2012, the court revoked and reinstated defendant's probation subject to the original terms and conditions.

On November 5, 2012, defendant failed to appear for a drug court review and a bench warrant was issued.

**Revocation of probation and execution of sentence**

On December 12, 2012, a petition was filed which alleged defendant violated probation by failing to report to her probation officer for a scheduled appointment on October 24, 2012; enroll in an inpatient substance abuse treatment program as directed; and appear for drug court review on November 5, 2012. The probation department recommended revocation of probation and execution of the sentences previously suspended.

On January 3, 2013, defendant admitted the probation violations.

On February 15, 2013, the court revoked probation in the three cases and ordered execution of her aggregate sentence of six years four months in county jail.

4.

On March 20, 2013, defendant filed a timely notice of appeal. She did not request or obtain a certificate of probable cause.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised she could file her own brief with this court. By letter on August 20, 2013, we invited defendant to submit additional briefing. To date, she has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.